JASON HONAKER SBN 251170
WILLIAM H. HUMMEL SBN 276956
1860 El Camino Real, Ste. 238
Burlingame, CA 94010
Telephone: (650) 259-9203
Facsimile: (877) 218-4033
admin@honakerlegal.com

Attorneys for Debtors
Seok Ki Lee and Hae Kyung Lee

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

In re:

Seok Ki Lee and Hae Kyung Lee,

Debtors.

Chapter 13
Bankruptcy No.: 15-30180

**MOTION TO AVOID PREFERENTIAL TRANSFER**

### **MOTION TO AVOID PREFERENTIAL TRANSFER**

1. The Debtors, Seok Ki Lee and Hae Kyung Lee, hereby move this Court for an order avoiding the preferential transfer of a security interest in their home which occurred when Yong Ki Kim recorded a judgment lien against their real property, located at and commonly known as 2411 Carlmont Dr. #110, Belmont, CA 94002, on December 19, 2014 pursuant to 11 U.S.C. § 547(b).

**Jurisdictional Statement**

2. This Court has jurisdiction over this Motion, pursuant to 28 U.S.C. § 157(f) and § 1334, as a proceeding in bankruptcy to avoid a preferential transfer. This Motion is made pursuant to 11 U.S.C. § 547(b) and seeks to avoid a preferential transfer.

**Facts**

3. On or about July 31, 2008, the Debtor Mr. Lee executed a promissory note in favor of Yong Ki Kim ("Kim") in the amount of 39,000,000.00 Korean Won. See, Proof of Claim 7.

1

4. On or about November 26, 2014, Kim obtained permission to seek a writ of attachment for a judgment arising from that promissory note. See, Proof of Claim 7.

5. On December 19, 2014, Kim filed and recorded a Notice of Attachment with the County Recorder of San Mateo as Document No. 2014-117310 (the "Judgment Lien"). This created a secured interest in the Debtors' residence, located at and commonly known as 2411 Carlmont Dr. #110, Belmont, CA 94002 (the "Property"). The amount of the underlying judgment, and subsequent secured interest, is $75,956.57. A true and correct copy of that recording is attached as Exhibit B.

6. The Debtors commenced this case February 17, 2015 by filing a voluntary petition for relief under Chapter 13 of Title 11 of the United States Bankruptcy Code.

7. Sixty days elapsed between the filing of the Judgment Lien, and the filing of the Debtors' instant Chapter 13 case.

8. The Property, which is the Debtors' residence, was listed on their Schedules. The Debtors initially valued the Property at $700,000.00, but subsequently obtained an appraisal, and have since amended their schedules. The Debtors now value this property at $800,000.00. This valuation was determined through a licensed appraiser, Ms. Sheri Hill, who performed an appraisal, and delivered an appraisal report. That report is attached as Exhibit A. Ms. Hill has executed a Declaration in Support of that appraisal.

9. The Property is subject to secured claims senior to the Judgment Lien. These mortgages are held by Mortgage Service Center and JPMorgan Chase Bank, N.A. in the amount of $726,256.63. Both creditors have filed claims in this case. See, Proofs of Claim 1, 8. The Debtors listed both claims on their filed Schedule D, which is attached as Exhibit D.

10. The Debtors are entitled to, and claimed, an exemption on any potential home equity in the Property pursuant to C.C.P. § 704.730 in the amount of $100,000.00.

11. The Debtors have claimed an exemption of $100,000.00 on their home, and exemptions totaling $161,223.00 on their personal property. They have no unexempt property. See, Amended Schedules A, B, and C, attached as Exhibit C.

12. The Debtors have filed an Amended Chapter 13 Plan, docket item 31, which provides for a 1% dividend to general, unsecured creditors.

**Argument**

The Debtors can Avoid the Judgment Lien as a Transfer Pursuant to 11 U.S.C. § 547(b)

13. 11 U.S.C. § 547(b) provides that:

Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

**(1)** to or for the benefit of a creditor;

**(2)** for or on account of an antecedent debt owed by the debtor before such transfer was made;

**(3)** made while the debtor was insolvent;

**(4)** made—

    **(A)** on or within 90 days before the date of the filing of the petition; or

    **(B)** between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

**(5)** that enables such creditor to receive more than such creditor would receive if—

    **(A)** the case were a case under chapter 7 of this title;

    **(B)** the transfer had not been made; and

    **(C)** such creditor received payment of such debt to the extent provided by the provisions of this title.

14. Here, the Debtor Mr. Lee executed a promissory note in 2008 in favor of Kim, which created a debt owed to Kim by Lee. This debt was antecedent to the transfer which occurred when Kim recorded a Writ of Attachment approximately six years later, and obtained a security interest in the Property.

15. Pursuant to 11 U.S.C. § 547(f), the Debtor is presumed to have been insolvent on and during the ninety days before the filing of the Petition. Here, the instant case was filed on February 17, 2015, and the transfer occurred on December 19, 2014. These dates are sixty days apart. Thus, the Debtors are presumed to have been insolvent during at the time of the transfer, which occurred within ninety days of the filing of this case.

16. In a Chapter 7 proceeding, unexempt assets of the debtor are liquidated and distributed for the benefit of general, unsecured creditors. Here, the Debtors have no unexempt

3

assets. Additionally, had the transfer in question not occurred, Kim would not have a secured claim, and would be a general, unsecured creditor. Had the Debtors filed a petition for relief under Chapter 7, instead of Chapter 13, there would have been no distribution of assets to general, unsecured creditors. Accordingly, under a hypothetical Chapter 7 case in which Kim's transfer not been made, Kim would have received nothing.

17. Finally, as currently designated, Kim is a secured creditor, and entitled to receive payment on his claim through the instant Chapter 13 case as such. Therefore, the recorded writ of attachment which created the Judgment Lien entitles Kim to receive more than he would have under a hypothetical Chapter 7 case in which the transfer did not occur.

18. Accordingly, all statutory elements of § 547(b) are satisfied, and the Debtors can avoid the Judgment Lien as a preferential transfer.

The Statutory Exceptions to Avoidance Do Not Apply

19. As stated above, there are two statutory exceptions to preferential transfer avoidance under § 547(b). These are subsections (c) and (i).

20. Subsection (i) deals with transfers made between ninety days and one year before the petition date for the benefit of an insider, and is not applicable in this situation. This Motion deals with a transfer made sixty days prior to the filing of this case. Therefore subsection (i) is does not apply.

21. Subsection (c) provides nine subparts, each an exception to the avoidance powers granted to the trustee in subsection (b). There are all inapplicable to this Motion, as follows:

22. 11 U.S.C. §547(c)(1) provides that the trustee may not avoid a transfer that was intended by the debtor and creditor to be an extemporaneous exchange of new value, and was in fact such an exchange. Here, the transfer was a collection attempt on a debt originating in 2008, and no new value was intended to be exchanged or actually exchanged between Lee and Kim for the transfer. Accordingly, subsection (1) does not apply.

23. 11 U.S.C. §547(c)(2) provides that the trustee may not avoid a transfer to the extent such transfer was in payment of a debt incurred by the debtor in the ordinary course of business, where such transfer was made in the ordinary course of business. Here, the transfer was

4

an attachment of a judgment lien, securing a judgment relating to a promissory note originating in 2008. The Debtors did not transfer a security interest in their residence in their ordinary course of business or their financial affairs. Accordingly, subsection (2) does not apply.

24. 11 U.S.C. §547(c)(3) provides that the trustee may not avoid a transfer that creates a security interest in property acquired by the debtor to the extent such interest secures new value given to the debtor to acquire such property. Here, the Debtor did not use the transfer for any purpose, much less to acquire the Property or any other property. Accordingly, subsection (3) does not apply.

25. 11 U.S.C. §547(c)(4) provides that the trustee may not avoid a transfer to or for the benefit of a creditor, to the extent that after such transfer, such creditor gave new value to or for the benefit of the debtor not secured by a security interest, or on account of which new value the debtor did not make an otherwise unavoidable transfer to such creditor. Here, the Debtors did not receive any new value of any kind from Kim after the transfer. Accordingly, subsection (4) does not apply.

26. 11 U.S.C. §547(c)(5) provides that the trustee may not avoid a transfer that creates a security interest in inventory or receivables. Here, the transfer created a security interest in the Property, which is the Debtors' residence, and is neither inventory nor receivables. Accordingly, subsection (5) does not apply.

27. 11 U.S.C. §547(c)(6) provides that the trustee may not avoid a transfer that is the fixing of a statutory lien. Here, the transfer was the attachment of a judgment lien for money, pursuant to a promissory note between individuals, and not the fixing of a statutory lien. Accordingly, subsection (6) does not apply.

28. 11 U.S.C. §547(c)(7) provides that the trustee may not avoid a transfer to the extent such transfer was a bona fide payment of a debt for domestic support. Here, the transfer was not related in any way to a payment for domestic support. Accordingly, subsection (7) does not apply.

29. 11 U.S.C. §547(c)(8) and (9) provide that the trustee may not avoid a transfer where, subject to other circumstances, the value of property affected by the transfer is less than

5

$600.00 and $5,000.00, respectively. Here, the value of property affect by the transfer is $800,000.00. Accordingly, subsections (8) and (9) do not apply.

30. Therefore, none of the statutory exemptions from subsections (c) or (i) apply.

**Conclusion**

WHEREFORE, the Debtors pray for an order avoiding the preferential transfer of a security interest in their home which occurred when Yong Ki Kim recorded a judgment lien against their real property, located at and commonly known as 2411 Carlmont Dr. #110, Belmont, CA 94002, on December 19, 2014 pursuant to 11 U.S.C. § 547(b), and for such additional or alternative relief as may be just and proper.

Dated: October 30, 2015 /s/ William H. Hummel

Attorney for the Debtors